State of Missouri ex rel. Turner v. Fitzgerald.

———————◆———————

STATE OF MISSOURI *ex rel.* HORATIO N. TURNER, Appellant, *v.* MICHAEL FITZGERALD, Respondent.

1. *Quo warranto — City council of St. Joseph — Title to office in, triable in Circuit Court — Construction of charter.* — In the absence of express words to that effect, the sixth section of article II of the charter of the city of St. Joseph did not make the judgment of the council board of that city final and conclusive as to the qualifications and elections of its members; and by virtue of section 1, chapter 157, Gen. Stat. 1865, the Circuit Court of Buchanan county had jurisdiction to determine the right of a councilman to office, on an information in the nature of a *quo warranto.*

*Appeal from Fifth District Court.*

*Bassett & Van Waters,* and *Bennett & Pike,* for appellant.

I. The right given to the city council by charter to judge of the election, returns, and qualifications of its members does not exclude the jurisdiction of the common-law court therein, and certainly not where the jurisdiction by statute is expressly conferred on the Circuit Court to determine the right of any person to hold any office or franchise, who has usurped, intruded into, or unlawfully holds and executes such office or franchise. (Gen. Stat. 1865, ch. 157, § 1, p. 632; *ex parte* Heath *et al.*, 3 Hill. 50.)

II. The right to judge of the qualifications, elections, and returns of its members, granted to the city council by charter, is a delegated limited judicial power and authority, and does not exclude the jurisdiction of courts over the same, which can only

be done by express and positive enactments. (*Ex parte* Heath *et al.*, 3 Hill. 50.)

III. This is not an attempt by relator, Turner, to contest the election of Fitzgerald; but it is an action, under the first section of chapter 157, Gen. Stat. 1865, in relation to an information in the nature of *quo warranto*, to determine the question whether the said Fitzgerald has usurped the said office of councilman and unlawfully holds it. (The People v. Tibbetts, 4 Cow. 381; Commonwealth v. Fowler, 10 Mass. 291.)

*Hall & Oliver*, for respondent.

I. Under the charter of the city of St. Joseph, the city council is the sole judge of the election, returns, and qualifications of its members (1 Kent, 234), and no other authority is at liberty to interfere. (Cooley's Const. Lim. 133; People v. Mahoney, 13 Mich. 481; 17 Md. 309; Lamb *et al.* v. Lynd *et al.*, 44 Penn. St. 336; Ewing v. Filley, 43 Penn. St. 389; Charter of City of St. Joseph, § 6, p. 62.)

II. The office of city councilman is a legislative office, and the final decision of the election, qualification, and return of a councilman, as well by parliamentary as by legislative provisions, vests in the city council itself, and the court can not interfere. (44 Penn. St. 336, 389; Cooley's Const. Lim. 624.)

III. Where there are two claimants under the same election for the same office, which only one of them can have, it constitutes a case of contested election, which is to be tried in the mode especially provided for in such cases, and not by the ordinary forms of judicial process. The mode of trying contested elections of councilmen of St. Joseph is especially provided for in its charter, and in such contests the courts have no jurisdiction. (44 Penn. St. 336; 3 Johns. 79; 1 Metc. 538; Cooley's Const. Lim. 634; Bradshaw v. Sherwood, 42 Mo. 184.)

CURRIER, Judge, delivered the opinion of the court.

This is an information in the nature of a writ of *quo warranto* to determine by what right the respondent exercises the

office of councilman of the city of St. Joseph. The proceeding was instituted in the Buchanan Circuit Court, and is brought here by the relator, on appeal from the District Court.

The information was demurred to on the ground, among other causes, of want of jurisdiction in the Circuit Court. That is the only point pressed upon our attention or relied upon in support of the demurrer. The question thus raised involves a construction of section 6, article II, of the charter of the city of St. Joseph, passed February 22, 1851. This section provides that "the board of councilmen shall judge of the qualifications, elections, and returns of the members thereof." In pursuance of this enactment, the board passed upon the election and qualification of the respondent as a member of that body, and admitted him to a seat therein. It is therefore insisted by the respondent that his right to the office has been adjudicated by the only authority legally competent to pass upon the case. In other words, it is maintained that, under the charter, the judgment of the council board is final and conclusive; and that the Circuit Court, therefore, has no jurisdiction in the premises.

The authority of the board of councilmen, in the first instance, to pass upon the questions involved respecting the election and qualification of the respondent, is not disputed. But is the action of the council board final and conclusive? Doubtless the Legislature might have made it so. It has not, however, by any express terms, seen fit so to declare. If it thus intended, that intention is to be ascertained from a construction of the act in question in connection with other acts. The statute (Gen. Stat. 1865, ch. 157) confers upon the Circuit Court jurisdiction, on proper complaint, to try and give judgment of ouster in cases where "any person shall usurp, intrude into, or unlawfully hold or execute any office or franchise" whatever. The language of the enactment is broad and comprehensive. In its terms it embraces the case at bar. Does the charter of the city of St. Joseph exempt the respondent from the operation of the comprehensive words of this statute? Not by its express terms, certainly; nor yet by the necessary force of the language employed. There is no necessary antagonism between the two acts. The

council judges of the election and qualification of its members in the first instance. It may organize and proceed to the transaction of business, and its acts will be legal and obligatory so far as the legality of the composition of the board is involved. But that does not exclude the idea of an investigation by the common-law courts of the right of any particular member to the office which the council board. may have adjudged him qualified to fill. There is nothing in the nature of the office of councilman furnishing an argument in support of the proposition that the officer is shielded from any inquiry into his right to the office by the courts of law. This fact, in connection with the silence of the statute so far as express words go, general or specific, granting such exemption, is entitled to consideration. If, on a comparison of the enactment in question, and a consideration of the nature of the office, the jurisdiction of the court should still be deemed not free from doubt, that doubt should be resolved in support of the jurisdiction, in accordance with the maxim that remedies should be amplified in the advancement of substantial justice. (Broom's Legal Maxims, 62.)

The question under consideration depends for its solution upon the particular provisions of our own statute law and the construction to be given to these provisions. The authorities cited from other States, therefore, are in no way conclusive. That from Kentucky (1 Metc. 538) is an adjudication upon a statute of that State quite different from ours. It appears that in Kentucky a board is provided by law for the express purpose of adjudicating contested election cases, and that its decisions are "made final and conclusive by the statute," and that the statute was an enactment for the express purpose of withdrawing that whole class of cases from the jurisdiction of the "ordinary tribunals of justice."

In Ewing v. Filley (43 Penn. St. 386) the decision was upon the particular provisions of the statute of that State. The case was originally tried in the Quarter Sessions, and was taken thence to the Supreme Court by a writ of *certiorari*. The question of jurisdiction did not arise. Lamb v. Lynd (44 Penn. St. 336) was a *mandamus* proceeding against the "Select Council" of Philadelphia. The points decided are inapplicable to the present

litigation. The reasoning of the court in *ex parte* Heath, 3 Hill. 51, is much more to the purpose. Cowan, J., referring to the statute of New York, says: "Admitting the clause, however, to mean that each board shall be judges whether its members have been duly elected, it would still be difficult to show that the enactment amounts to anything more than the bestowment of a power concurrent with our own. * * * The word 'solely' might, by a liberal construction, imply an intent to take away the power. So might a statute, declaring the decision of an inferior court conclusive or final, be construed to take from this court the power to review the decision by *certiorari*. But it has often been held that those or the like words shall not be construed to divest the superior court of its supervisory power; and that, to give a statute such an effect, the Legislature must say in so many words that they intend to take the power away." An application of this rule of construction to section 6, article 2, of the city charter of St. Joseph is fatal to the demurrer.

Upon the whole, I am of opinion that the judgment should be reversed and the cause remanded. The other judges concur.