CITY OF KANSAS CITY, MISSOURI, Respondent, v. JOSEPH FISHMAN, Intervener, Appellant, No. 42648—241 S. W. (2d) 377.

Division One, July 13, 1951.

 

*B. T. Hurwitz* for appellant.

*David M. Proctor*, City Counselor, and *Benj. M. Powers*, Associate City Counselor, for respondent.

354

 HYDE, J.—This is a proceeding under Sections 108.310-108.350, R. S. 1949, for a pro forma decree authorizing the issuance and declaring the validity of $50,000.00 Kansas City Parking Facility Bonds. Appellant, a tax paying citizen of Kansas City, intervened. The Court entered a decree declaring the bonds valid and intervener has appealed.

The question for decision is whether the City's ordinance (No. 14462) authorizing these bonds violates Section 27, Article VI of the Constitution. This Section is as follows: "Any city or incorporated town or village in this state, by vote of four-sevenths of the qualified electors thereof voting thereon, may issue and sell its negotiable interest bearing revenue bonds for the purpose of paying all or part of the cost of purchasing, constructing, extending or improving any revenue producing water, gas or electric light works, heating or power plants, or airports, to be owned exclusively by the municipality, the cost of operation and maintenance and the principal and interest of the bonds to be payable solely from the revenues derived by the municipality from the operation of such utility."

Appellant's specific contentions are as follows:

"1. The ordinance and the revenue bonds thereby authorized do not have the sanction and approval of a vote of four-sevenths of the qualified electors of Kansas City, Missouri, as required by Section 27 of Article VI of the Constitution of Missouri. (No election was held.)

"2. The parking facility, part of the cost of which is to be paid for by the revenue bonds authorized to be issued by the ordinance, is not such a utility as contemplated by Section 27 of Article VI of the Constitution of Missouri.

"3. The ordinance does not contemplate that the City of Kansas City shall exclusively own the proposed parking facility for which the revenue bonds are to be issued and Section 27 of Article VI of the Constitution of Missouri is thereby violated. (The ordinance authorizes leasing to private operators and it is claimed a lessee would have an interest.)

"4. The ordinance, by authorizing the payment of the cost of operation and maintenance of the proposed parking facility with funds not solely from the revenue derived from the proposed parking facility, violates Section 27 of Article VI of the Constitution of Missouri." (The ordinance provides that the City will pay the cost of operation, maintenance, repairs and damage claims from other sources if the revenues derived are insufficient after payment of interest and principal payments on the bonds.)

The ordinance recites that the City intends to construct public off-street parking facilities on ground it owns between Wyandotte and Central Streets north across 13th Street from its Municipal Auditorium, and that its electors have authorized the issuance of $1,250,000.00 General Obligation Bonds for the construction and equipment of public parking facilities and the acquisition of land therefor. In Bowman v. Kansas City, 361 Mo. 14, 233 S. W. (2d) 26, we upheld the authority of the City to acquire land for this purpose. The ordinance further recites that this amount of bonds voted will not be sufficient for all necessary parking facilities and authorizes the issuance of Parking Facility Revenue Bonds up to $3,500,000.00. The bonds involved herein are Series A of these Revenue Bonds. They are made "payable as to principal and interest only and solely from the money and revenue arising from the ownership of and operation of the off-street parking facility to be constructed or developed in whole or in part from the proceeds of said bonds, and shall not be payable in whole or in part out of any funds raised by taxation."

Our conclusion is that Section 27, Article VI of the Constitution has no application to the bonds in this case. It is a fundamental principle of constitutional law that a State Constitution is not a grant of power as is the Constitution of the United States but, as to legislative power, it is only a limitation; and, therefore, except for the limitations imposed thereby, the power of the State Legislature is unlimited and practically absolute. (Household Finance Corporation v. Shaffner, 356 Mo. 808, 818, 203 S. W. (2d) 734, 739; State v. Day-Brite Lighting Co., 362 Mo. 299, 240 S. W. (2d) 886; State ex rel. Moberly Special Road District v. Burton, 266 Mo. 711, 182 S. W. 746; Harris v. William R. Compton Bond & Mortgage Company, 244 Mo. 664, 149 S. W. 603;

State ex rel. Henson v. Sheppard, 192 Mo. 497, 91 S. W. 477.) Thus this constitutional provision prohibits the Legislature from authorizing revenue bonds, for the purpose of paying for municipally owned water, gas or electric light works, heating or power plants or airports, which are not approved by vote of four-sevenths of the qualified electors. However, we agree with appellant that the proposed parking facility is not such a utility as contemplated by this constitutional provision; and, therefore, the Legislature has complete authority to authorize revenue bonds issued for that purpose. (Of course, other provisions of the Constitution prohibit the Legislature from making such revenue bonds payable out of funds raised by taxation as the authorities hereinafter cited show.) The Legislature has granted the authority for these revenue bonds to the City by enacting Sections 71.350-71.360, R. S. 1949.

Section 71.360 provides as one method of paying for parking facilities authorized by Section 71.350, the following: "Negotiable interest-bearing revenue bonds, the principal and interest of which shall be payable solely from the revenues derived by such municipality from the operation of such parking facilities, which revenue bonds may be issued and sold by the municipality when so authorized by the city council, board of aldermen, or other legislative authority of such city."

In City of Springfield v. Monday, 353 Mo. 981, 185 S. W. (2d) 788; City of Lebanon v. Schneider, 349 Mo. 712, 163 S. W. (2d) 588; Woodmansee v. Kansas City, 346 Mo. 919, 144 S. W. (2d) 137; State ex rel. City of Hannibal v. Smith, 335 Mo. 825, 74 S. W. (2d) 367, we upheld the authority of the Legislature to authorize cities to issue revenue bonds of this character for purposes not prohibited by the Constitution. Those cases were decided before the adoption of the 1945 Constitution containing the provision herein invoked; and, as appellant's counsel suggests, we called attention to this provision in the new Constitution in the City of Springfield case. Of course, in that case we were considering bonds issued for the purpose of paying for a utility of the kind mentioned in Section 27, Article VI of the 1945 Constitution. In that case, and also in the City of Lebanon case, we held Section 12, Article X of the 1875 Constitution (which also required a four-sevenths vote for a certain type of revenue bonds) did not prohibit the Legislature from authorizing cities to issue revenue bonds of a distinctly different type. In the Woodmansee case, revenue bonds for city market facilities were upheld, under Kansas City's charter powers, as not being prohibited by Section 12, Article X of the 1875 Constitution. All of the questions raised in this case, as to the validity of such revenue bonds when authorized by the exercise of the legislative power, have been decided in the above cited cases; except as to the claim of a lessee having an interest in the property, which it is not necessary to consider because of our ruling that Section 27, Article VI, 1945 Constitution, does not apply to this case. Section

27, Article VI of the 1945 Constitution does not change the situation in any way because it no more applies to the kind of revenue bonds in question than did Section 12, Article X of the 1875 Constitution apply to the type of revenue bonds involved in those cases. We, therefore, hold that the Legislature had authority to authorize the issuance of these revenue bonds by the City and that by Sections 71.350-71.360 it has authorized them.

The judgment is affirmed. All concur.