In the Matter of the Petition of the CITY OF ST. LOUIS, State of Missouri, a Municipal Corporation, for a Pro Forma Decree Authorizing the Issuance of $500,000.00 Principal Amount of Parking Facilities Revenue Bonds Series A of Said City.

CITY OF ST. LOUIS, MISSOURI, Respondent, v. WALTER SOMMERS, Intervenor-Appellant, No. 43950—266 S. W. (2d) 753.

Division Two, March 8, 1954.

Motion for Rehearing or to Transfer to Banc Overruled, April 12, 1954.

*Melvin L. Hertzman* and *Harold E. Goldberg* for intervenor-appellant.

*Samuel H. Liberman*, City Counselor, and *John P. McCammon*, Associate City Counselor, for respondent.

*Coburn, Storckman & Croft, Richmond C. Coburn* and *Joseph M. Kortenhof,* amicus curiae.

WESTHUES, C.—This is a suit to determine the validity of a proposed bond issue of $500,000 of the City of St. Louis. The City filed the petition for pro forma decree pursuant to Sections 108.-310 and 108.320, RSMo 1949, VAMS. Walter Sommers intervened. The trial court decreed that the proposed bond issue was valid. From the judgment entered, intervenor appealed.

The purpose of the proposed bond issue is to acquire land and to install or equip buildings and facilities thereon for parking motor vehicles. The City relies on Sections 82.470 and 82.480, RSMo 1949, VAMS, for its authority to issue the bonds.

Intervenor has briefed three points wherein he contends the proposed issuance of bonds is void. It is stated in the brief that the ordinance authorizing the bonds is void because it violated Sections 1 and 3 of Article XVII of the Charter of the City. Section 1 reads in part: "Some of the purposes, hereby specifically authorized for which the bonds of the city may be issued and given, sold, pledged or dis-

posed of on credit of the city or solely upon the credit of specific property owned by the city or solely upon the credit of income derived from and property used in connection with any public utility owned or operated by the city or upon any two or more such credits, are the following:'' There are then enumerated the various purposes for which bonds may be issued, including public utilities and charitable and penal institutions. Parking facilities as proposed to be purchased by the bonds in question are not mentioned. However, the concluding part of Section 1 reads as follows: ''* * * the authority to issue bonds for any of the purposes aforesaid is cumulative and shall not be construed to impair any authority to make any public improvements under any provisions of this charter or of any law.''

The Legislature of the state, by Sections 82.470 and 82.480, supra, expressly authorized the City to acquire land and to construct and equip buildings and facilities thereon for parking motor vehicles and to issue bonds in payment thereof. The concluding portion of Section 1, supra, contemplated that the City may, under authority of law, undertake other improvements than those named in the body of the section. The section expressly provides that the enumeration made in the Charter shall not impair any authority to make other improvements under any provisions of this Charter or *of any law*. (Emphasis ours) Such a law is embodied in Sections 82.470 and 82.480, supra.

Section 3 of Article XVII of the Charter provides in part that ''No bonds of the city, except bonds for paying, refunding, or renewing bonded indebtedness, and except bonds payable only from proceeds of special assessments for local improvements, shall be issued without the assent of two-thirds of the voters of the city voting at an election to be held for that purpose.''

It is conceded that no election was had authorizing the issue of bonds. It is, therefore, contended that the bonds are void by virtue of the above-quoted provision of Section 3. We find similar restrictions on the power of cities to issue bonds in the constitutions of a number of states including ▮ our own. See sections 26a through 26e of Article VI, 1945 Constitution of Missouri.

Such limitations have as a rule been construed to apply to an indebtedness incurred by a city which is to be paid from funds raised through the taxing power of the city. In other words, the limitations provide protection to the taxpaying public. If the taxpayer of the city cannot be taxed to pay the bonds, the constitutional limitation does not apply. 64 C.J.S. 502, Sec. 1911, and notes 5-9 at page 503. If the obligation to be incurred is payable solely from income derived from the operation of the proposed improvement, the obligation is not considered to be debt of the city within the meaning of the constitutional restrictions. 64 C.J.S. 377, Sec. 1853b, and numerous cases there cited. That rule is well established in this state. State ex rel. City of Hannibal v. Smith (Auditor), 335 Mo. 825, 74 S.W.(2d) 367, l.c.

371 (1); City of Springfield v. Monday, 353 Mo. 981, 185 S.W.(2d) 788, l.c. 790 (3) and 792 (6-8); Kansas City v. Fishman, 362 Mo. 352, 241 S. W. (2d) 377, l.c. 379 (1, 2).

It is conceded that the City authorities may not in any event levy or collect a tax to raise funds wherewith to discharge the bonds proposed to be issued. The proposed bonds in this case are to be issued under authority of Section 82.480, supra, which reads (Sec. 1 (3) ):

"(3) Negotiable interest-bearing revenue bonds, the principal and interest of which shall be payable solely from the revenues derived by such municipality from the leasing of such parking facilities, which revenue bonds may be issued and sold by the municipality when so authorized by the city council, board of aldermen, or other legislative authority of such city;"

We rule that the proposed bond issue does not come within the prohibition of Section 3 of Article XVII of the City Charter.

Intervenor says that Sections 82.470 and 82.480, supra, are void because the legislature has attempted to amend the City Charter by enactment of these sections; that the City Charter can only be amended in the manner provided by our State Constitution, Article VI, Sections 31, 32(a), and 32(a)(b).

A municipal corporation has only such powers as are expressly or impliedly granted to it by law. The City of St. Louis is governed by its special Charter. That Charter, however, does not restrict the State Legislature under its police powers in matters pertaining to the general public interest. The Legislature has the power to authorize cities to make improvements that are for the general benefit and welfare of the public. It was held by this court en banc, in the case of State ex rel. Zoological Board of Control v. City of St. Louis, 318 Mo. 910, 1 S. W. (2d) 1021, l.c. 1026 (4), that an act of the Legislature which authorized the establishment of zoological parks did not amend the city charter; that the legislation was of general state concern. Again, this court en banc, in the case of Bowman v. Kansas City, Mo., 233 S.W.(2d) 26, l.c. 35 (17), held an act of the Legislature to be for a public purpose and not a local law which authorized the City of Kansas City to establish off-street parking facilities. This court, in that case, 233 S.W.(2d) l.c. 34, 35 (14-16) (17), reviewed the question at length. What was there said governs the question now under consideration. We rule the act of the Legislature did not violate the constitutional provision cited supra. 62 C.J.S. 295, Sec. 144.

Intervenor says Ordinance No. 46217 is invalid because it is in excess of the grant contained in Section 82.470, supra; that under the ordinance the City has undertaken to operate and maintain the parking facilities to be acquired; that no such authority was granted by the statute. As we read the ordinance, the City is to operate and maintain the facilities only in the event no bids are received for the rental of the facilities or in case the bids are so low that not sufficient

revenue will be supplied to take care of the bonds. To sell the bonds, the City must assume the ▇▇▇ obligation to assure the operation of the parking facilities. The bond buyers would hardly risk their money to the whims of the operators of the parking facilities. If no bids were received or if the bids presented were unreasonably low, the bondholders would be insecure. The authority for the City to operate the parking facilities in case the property cannot be profitably leased is of necessity implied. 62 C.J.S. 255, Sec. 177; State ex rel. City of Hannibal v. Smith, supra, 74 S.W. (2d) l.c. 373 (4, 5) (6); State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S. W. (2d) 762, l.c. 770 (3, 4).

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.