Dear Mrs. Bierdeman-Fike:
This is in response to the request of the Board of Trustees of the Missouri State Employees' Retirement System for an opinion on the following:
 May the Missouri General Assembly legally make a grant of funds to the Missouri State Employees' Retirement System for the operation and support of the Missouri State Medical Care Plan, specifically to the incurred and unreported reserve fund, which grant would be used by the Medical Care Plan to pay medical claims for employees and their dependents and retirees and their dependents, only if necessary?
The Missouri State Medical Care Plan is a program to provide insurance benefits to cover hospital, surgical, and medical expenses for state employees, their spouses, and unemancipated children who have not attained 23 years of age, retired employees and their dependents, and the surviving dependents of deceased state employees. The plan was established in 1972 and is administered by the Board of Trustees of the Missouri State Employees' Retirement System pursuant to Section 104.515, RSMo Supp. 1982. The Missouri State Employees' Retirement System is a body corporate and an instrumentality of the state under Section 104.320, RSMo Supp. 1982, originally enacted in 1957. Pursuant to Section104.515.4, the retirement system has established and is maintaining a separate account for hospital, surgical, medical, and life insurance benefits payable under the Missouri State Medical Care Plan. All medical benefits are paid solely from this separate account and all premiums are paid into the separate account, which is not commingled with any other funds, property, or investment return of the retirement system.
Since all medical claims, including those for employees, their dependents, and retirees and their dependents, are paid out of this fund, the fluctuations and upward variances in claims submitted to the Medical Care Plan in any single month have raised the short-term prospect of depletion of an adequate working reserve. For this reason, it has been suggested that the Missouri General Assembly appropriate a grant of funds to the Missouri State Employees' Retirement System to carry the Medical Care Plan through a shortfall in the medical benefits fund, which has been projected as a possible occurrence in the near future. The grant would be used for support purposes only, and the funds made available thereby would be used only if necessary to pay medical claims in excess of the reserves heretofore established.
Except for the restrictions imposed by the state Constitution, the power of the state legislature is unlimited and practically absolute. The Missouri Constitution, unlike the United States Constitution, is not a grant of power, but rather, regarding legislative power, only a limitation. Menorah Medical Centerv. Health and Educational Facilities Authority, 584 S.W.2d 73, 77
(Mo. banc 1979); State ex rel. Jardon v. Industrial DevelopmentAuthority of Jasper County, 570 S.W.2d 666, 673 (Mo. banc 1979);Kansas City v. Fishman, 241 S.W.2d 377, 379 (Mo. 1951). In our opinion, the power of the legislature in this matter is limited only by Article III, Section 38(a), of the Missouri Constitution (1945), which prohibits the General Assembly from granting public money or property, or lending or authorizing the lending of public credit to any private person, association, or corporation.
As an instrumentality of the state, the retirement system does not constitute a private person, association, or corporation from which the General Assembly would be prohibited from granting funds under Article III, Section 38(a), of the Missouri Constitution. A grant by the legislature to the retirement system for the purpose of buttressing the medical reserves available to pay medical claims of state employees could not be construed as a grant for private purposes. Benefits in addition to wages can certainly be made available to state employees.
However, it is arguable that a grant of funds by the legislature to the retirement system for the Missouri State Medical Care Plan could be considered a grant to private persons because some of the benefits may inure to the dependents of employees and retirees and their dependents, who are private persons. As stated earlier, the proposed grant is for the purpose of buttressing the account maintained for hospital, surgical, medical, and life insurance benefits in the event said benefits exceed the amount of premiums previously received by the Medical Care Plan. In the event the surplus has been exhausted, the grant would be used to meet medical claims incurred by spouses and children of employees. In State ex rel. Sanders v. Cervantes, 480 S.W.2d 888
(Mo. banc 1972), the Missouri Supreme Court held that a plan for a city to expend public funds directly for insurance coverage for spouses and children of police officers and employees was unconstitutional because of Article VI, Section 25, a section similar to Article III, Section 38(a), that prohibits counties, cities, and other political corporations and subdivisions from granting public money to any private individual.
In our opinion, the Cervantes case is distinguishable from the facts outlined in your opinion request. First of all, the court declared unconstitutional only those acts by which direct payments were made to provide insurance coverage for private individuals, not employees. In this instance, the grant of funds would benefit the operation and cash flow of the Medical Care Plan itself, a plan operated by the Missouri State Employees' Retirement System for the benefit of all members, including active employees, as well as dependents, retirees, and their dependents. As such, it would not be an expenditure of public funds directly for the medical coverage of private persons only.
Second, and more importantly, the Missouri Supreme Court has also recognized that Article III, Section 38(a), does not prohibit the granting of public money in any event if the grant is for a public purpose. Americans United v. Rogers, 538 S.W.2d 719 (Mo. banc 1976); State ex rel. Wagner v. St. Louis County Port Authority,604 S.W.2d 592, 602 (Mo. banc 1980); Menorah Medical Centerv. Health and Educational Facilities Authority, supra, at 78-79. Although a grant of funds by the legislature for the Medical Care Plan might result in benefits filtering through to dependents of state employees and other private persons, a public purpose would certainly be served by not allowing the reserve fund of the Medical Care Plan to be depleted, possibly resulting in the demise of the program to provide health benefits to state employees. Such an occurrence could result in providers of medical care and services not being paid for those services, or medical providers not honoring state employees' membership in the Medical Care Plan, or possibly refusing medical treatment to state employees. In such an event, the state would find it exceedingly difficult to attract and maintain competent public servants in its employment, and would likely experience a drastic shrinkage in the number of individuals willing to accept state employment.
In several instances, it has been held that constitutional prohibitions are not violated simply because incidental benefits may accrue to private interests. State ex rel. Jardon v. IndustrialDevelopment Authority of Jasper County, supra, at 674;State ex rel. Farmers' Electric Cooperative, Inc. v. State EnvironmentalImprovement Authority, 518 S.W.2d 68, 74-75 (Mo. banc 1975); State v. Land Clearance for Redevelopment Authority ofKansas City, Missouri, 270 S.W.2d 44, 53 (Mo. banc 1954); AmericansUnited v. Rogers, 538 S.W.2d 711, 719 (Mo. banc 1976); andAnnbar Associates v. West Side Redevelopment Corporation,397 S.W.2d 635, 653 (Mo. banc 1965). Under the facts presented, it is conceivable that a grant of funds by the legislature to the Medical Care Plan might result in benefits filtering through to dependents of state employees and other private persons. However, such a result is certainly incidental to the overriding public purpose of maintaining the fund from which all medical claims of state employees as well as their dependents, and retirees and their dependents, are paid.
It is the opinion of this office that the Missouri General Assembly may legally make a grant of funds to the Missouri State Employees' Retirement System for the operation and support of the Missouri State Medical Care Plan, which grant would be used by the Medical Care Plan to pay medical claims for employees and their dependents and retirees and their dependents if necessary.
Very truly yours,
 JOHN ASHCROFT Attorney General