Dear Senator Nixon:
This opinion letter is in response to your questions asking:
 Do the provisions of the Missouri State Constitution specifically prohibit pari mutuel wagering on dog racing? If not, may the General Assembly provide statutory authority for pari mutuel wagering on dog racing?
Your first question asks whether the provisions of the Missouri State Constitution specifically prohibit pari mutual wagering on dog racing. The provision about which you are concerned is Article III, Section 39(9) of the Missouri Constitution. Such section provides:
 Section 39. Limitation of power of general assembly. The general assembly shall not have power:
* * *
 (9) Except as otherwise provided in section 39(b) or section 39(c) of this article, to authorize lotteries or gift enterprises for any purpose, and shall enact laws to prohibit the sale of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; except that, nothing in this section shall be so construed as to prevent or prohibit citizens of this state from participating in games or contests of skill or chance where no consideration is required to be given for the privilege or opportunity of participating or for receiving the award or prize and the term "lottery or gift enterprise" shall mean only those games or contests whereby money or something of value is exchanged directly for the ticket or chance to participate in the game or contest. The general assembly may, by law, provide standards and conditions to regulate or guarantee the awarding of prizes provided for in such games or contests under the provision of this subdivision.
The Missouri Supreme Court extensively discussed this section in Barnes v. Bailey, 706 S.W.2d 25 (Mo. banc 1986). The court stated:
 Underlying appellant's entire argument in this case is the assumption that all gambling, including horse racing, is prohibited by our Constitution under Art. III, § 39(9). This Court has never before addressed this question. We believe it is appropriate to comment upon this unresolved constitutional question, because this case involves the question of whether the legislature is prohibited under our Constitution from appropriating funds for pari-mutuel wagering.
* * *
 The history of Missouri clearly indicates that, as in the other jurisdictions, the prohibition against lotteries and gift enterprises never included within its terms horse racing. . . . Well after lotteries and gift enterprises became illegal, horse racing and betting thereon was legal if conducted in accordance with various state regulations See generally Aquamsi Land Co. v. City of Cape Girardeau, 346 Mo. 524, 142 S.W.2d 332, 336 (1940); State v. Delmar Jockey Club, 200 Mo. 34, 92 S.W. 185 (1905); State v. Thompson, 160 Mo. 333, 60 S.W. 1077
(1901); State v. Thomas, 138 Mo. 95, 39 S.W. 481 (1897). For example, horse racing and betting was permitted if conducted within this state by a licensed operator. §§ 2191, 7419-22, RSMo 1899.
 During the debates at the 1943-1944 State Constitutional Convention, the delegates were in agreement that the prohibition against lotteries and gift enterprises did not include other forms of gambling, such as horse racing. The question arose whether the amendment should be stricken out of the Constitution. Mr. Hullverson argued that the subject matter was more properly left to the legislature than to a constitutional amendment. He queried those seeking to retain the amendment why they did not also want to include all gambling devices, such as horse racing, in the Constitution. Mr. Hanks replied that a line had to be drawn and a lottery was particularly destructive. He added:
 The difference is this, Mr. Hullverson, if you will listen carefully, I think I'll tell you. In the hands of local law enforcement authorities is the power, under the criminal code, to suppress the things you speak of, but when you strike this Section from the Constitution as you propose to do, it invites your General Assembly to search for a method of raising high sums and to do it by lottery instead of by the sources of revenue of taxation purposes. Now, that's the difference. On the one hand you have a purely local criminal code. Upon the other hand you have public policy, and it is with respect to that this particular Section ought to be retained.
Later in the discussion, Mr. Allen stated:
 I am not in favor of the lotteries. Neither am I in favor of the state going into the horse-racing business like Florida has, but there is no provision in this Constitution, or has one been offered, to keep us out of the horse-racing business.
 Debates of the Missouri Constitution 1945, at 1132-43. This analysis of our constitutional limitation against lotteries or gift enterprises points out the error in appellant's assumption, and it further illustrates the legislative power to authorize the expenditure of the funds.
 Normally, we seek to resolve all of our cases on the narrowest ground possible. While we have no doubt that the power of the legislature to appropriate funds for pari-mutuel wagering is fully sustainable on this ground alone, the fact that the people have favorably expressed their opinion on Amendment No. 7 makes our examination of the effect of that amendment on our Constitution totally appropriate in this instance. Whether Amendment No. 7 was necessary or not, the attention focused on this matter by the citizens of Missouri will, we hope, have the salutory effect of making Missouri one of the best regulated states in the nation as far as pari-mutuel wagering is concerned. [Emphasis in original.] Id. at 30-33.
This discussion by the Missouri Supreme Court makes it clear that the prohibition against lotteries and gift enterprises in Article III, Section 39(9) of the Missouri Constitution does not prohibit other forms of gambling, such as horse racing or, in the case about which you are concerned, dog racing. Therefore, based upon the discussion of this constitutional provision by the Missouri Supreme Court, it is our opinion that the Missouri State Constitution does not specifically prohibit pari mutuel wagering on dog racing. While it is preferable in our view to enact a specific constitutional amendment to address pari mutuel wagering on dog racing, the language in Barnes v. Bailey,supra, indicates such amendment is not necessary.
Your second question asks whether the General Assembly may provide statutory authority for pari mutuel wagering on dog racing. The power of the General Assembly is discussed by the Missouri Supreme Court in Americans United v. Rogers,538 S.W.2d 711 (Mo. banc 1976), cert. denied 429 U.S. 1029,97 S.Ct. 653, 50 L.Ed.2d 632 (1976):
 When considering an attack on the constitutionality of a legislative enactment, we are guided by the established principle that: "The state constitution, unlike the federal constitution, is not a grant of power, but as to legislative power, it is only a limitation; and, therefore, except for the restrictions imposed by the state constitution, the power of the state legislature is unlimited and practically absolute. Kansas City v. Fishman, 362 Mo. 352, 241 S.W.2d 377
(1951). An act of the legislature is presumed to be valid and will not be declared unconstitutional unless it clearly and undoubtedly contravenes some constitutional provision. State ex rel. Eagleton v. McQueen, 378 S.W.2d 449 (Mo. banc 1964). Legislative enactments should be recognized and enforced by the courts as embodying the will of the people unless they are plainly and palpably a violation of the fundamental law of the constitution. [Citations omitted.] Id. at 716.
A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly and undoubtedly violates some constitutional provision. C.L.P. v. Pate,673 S.W.2d 18 (Mo. banc 1984); State v. Hampton, 653 S.W.2d 191
(Mo. banc 1983). A statute has a presumption of constitutionality.Westin Crown Plaza Hotel Company v. King, 664 S.W.2d 2
(Mo. banc 1984). Therefore, it is our opinion that the General Assembly may provide statutory authority for pari mutuel wagering on dog racing.
It is the opinion of this office that (1) the Missouri State Constitution does not specifically prohibit pari mutuel wagering on dog racing and (2) the General Assembly may provide statutory authority for pari mutuel wagering on dog racing. However, we do not view it inappropriate to have the people specifically speak to this issue through the ballot box.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General