Dale T. MERSMAN, Respondent,

v.

Howard E. O'NEIL, Cox Standard Service, Inc., Appellant,

and

Officer Stephen P. Hawkins and the Kansas City, Missouri, Board of Police Commissioners, Defendants.

No. WD35925.

Missouri Court of Appeals, Western District.

April 9, 1985.

Robert Ernest Gould, Gould & Moore, P.C., Kansas City, for appellant.

David P. Hargrave, Hoffman, Hill & Hargrave, Kansas City, for respondent.

Before PRITCHARD, J., P., and SHAN-GLER and DIXON, JJ.

DIXON, Judge.

Plaintiff recovered a jury verdict for $15,000 in damages in a malicious prosecution action against the defendants, Howard O'Neil, and Cox Standard Service, Inc. The award was for $5,000 actual damages and an additional $5,000 in punitive damages against each defendant. Defendants appeal, contending plaintiff did not make a submissible case against defendants on the issue of defendants having caused the plaintiff's arrest and prosecution. Defendants also complain the bracketed portion of the phrase, "occurrence [of the judicial proceedings] mentioned in evidence," constituted an improper modification of MAI 4.01.

The lawsuit arose from an incident occurring at Cox Standard Service, Inc. Plaintiff Mersman had taken a car to the station for repair. Plaintiff and his wife went to the station in a pickup truck, and immediately upon their arrival, plaintiff's wife drove the car away from the station, leaving plaintiff and the pickup truck at the station. A dispute arose concerning the amount of the bill and the nature of the repairs, and plaintiff refused to pay the bill. During the conversation that ensued between the manager of the station, Howard O'Neil, and plaintiff, O'Neil told plaintiff he was going to pay the bill or he would not get his car. O'Neil then realized that the car had been already removed. Plaintiff told O'Neil that if he wanted his money, to sue him. Plaintiff got in his pickup truck and started to drive away. O'Neil shouted after him, "You won't get 4 or 5 blocks. I'll have you arrested for stealing the car." O'Neil then went to the city prosecutor for Kansas City, Missouri, and was directed to make a report at the police station. He went to the police station and made what was termed a walk-in report. A civilian employee of the police department took down the report on a form utilized by the police department for that purpose. In the course of so doing, she asked Mr. O'Neil who the suspect was and O'Neil described the plaintiff and gave his address. He identified the vehicle and gave its license number. O'Neil was then asked what had occurred and the recital appearing upon the report indicates that, after the dispute, plaintiff left the station with the car. O'Neil also stated the parts installed on the suspect's car were worth $119.40. After consulting her form book, the police department employee described the crime on the report as "depriving victim of property by unlawfully removing it without the victim's consent." Directed by his sergeant to "work the report," an officer of the Kansas City, Missouri, Police Department, accompanied by another officer, went to plaintiff's home in Gladstone, Missouri, and advised plaintiff that they had a warrant for his arrest. They indicated to him that the arrest was for stealing parts, and that he had the alternative of going downtown and being booked and posting bond or being fingerprinted. The plaintiff chose to be fingerprinted and signed the general ordinance summons forms presented to him. The case was eventually dismissed by the Kansas City, Missouri, prosecutor.

■ Defendants initially raise the submissibility of plaintiff's cause of action,

asserting plaintiff's evidence does not support a finding by the jury that the defendants caused the arrest of the plaintiff. The issue is controlled by *Lipari v. Volume Shoe Company*, 664 S.W.2d 953 (Mo.App. 1983). In *Volume Shoe*, a very comparable set of facts existed. In that case, Mrs. Lipari was in the Volume Shoe Store and tried on a pair of shoes of a certain size. After some discussion with a clerk, she left the store and the clerk determined that a pair of shoes of that size were missing and, after checking the cash register for a sale, assumed that they had been stolen. The clerk went to the parking lot, took Mrs. Lipari's license number, and called the police. The police arrived and a report was made, indicating a pair of shoes had been stolen, directing the police's attention to Mrs. Lipari as the suspect, and giving her license number and description. Neither the clerk nor the manager of the store directed that Mrs. Lipari be prosecuted, but a general ordinance summons was issued, charging her with larceny. On those facts, *Volume Shoe* holds that the evidence is sufficient to support a finding of the defendant's causing the arrest and prosecution of the plaintiff Lipari. The court in *Volume Shoe* relied upon the designation by the manager and the clerk of Mrs. Lipari as a person in the store trying on the particular size shoes and leaving the store shortly before the loss was discovered. The court notes that the defendants specifically directed police attention to Mrs. Lipari and gave her description and license number. Upon that basis, the court determined the issue of defendants' causation of the arrest was submissible.

Plaintiff notes that the same incidents of identification of the suspect and statement of the supposed crime by the defendants as in *Volume Shoe* occurred in the instant case. The cases are comparable, in that no request for prosecution was made by the defendants here, nor those in *Volume Shoe*. Plaintiff further notes that the report given by the defendant O'Neil was erroneous in at least two respects, one of them of considerable significance. The report O'Neil gave to the police indicated that plaintiff Mersman removed the vehicle from the station. Actually, the vehicle had been taken by Mersman's wife before the dispute arose. Additionally, the report to the police misstated the value of the parts. Subsequent proceedings disclosed that the parts portion of the bill was substantially less than that reported by O'Neil. Upon the authority of *Volume Shoe*, plaintiff's cause of action was submissible upon the single claim of error levelled at the submission by the defendants.

█ The second claim of error by defendants is that MAI 4.01 was improperly modified by inserting after the word, "occurrence," the phrase, "of the judicial proceedings against the plaintiff." Defendant contends the instruction is clearly and presumptively erroneous, relying upon Missouri Approved Jury Instruction, 1981 Ed., page CXXVII, *Gormly v. Johnson*, 451 S.W.2d 45 (Mo.1970); *Haymes v. Swan*, 413 S.W.2d 319 (Mo.App.1967); *Peak v. W.T. Grant Co.*, 409 S.W.2d 58 (Mo.1966); *Clark v. McCloskey*, 531 S.W.2d 36 (Mo.App. 1975). The claim of error is predicated upon the evidence in the trial of plaintiff's cause of action of the small claims court proceedings instituted by defendant, Howard O'Neil. The small claims court proceedings were extensively and fully developed in the evidence. This concurrent proceeding for recovery of the value of the bill was not simply referred to casually, but was belabored at length. The proceedings shown to the jury included continuances, the evidence presented, the participation of the lawyers, the amount of the bill, and the amount of the judgment. Given these circumstances, the jury might well have been led to believe that the instruction permitted them to give the plaintiff damages for the judicial proceedings in the small claims court, as well as the judicial proceedings in the municipal court. Under the circumstances, it is impossible to find that the error was nonprejudicial. Because of error in the giving of that instruction, the cause must be reversed and remanded for a new trial.

During the argument of this cause, the court expressed a concern that the recent case of *Sanders v. Daniel International Corporation*, 682 S.W.2d 803 (Mo. banc 1984), might have a bearing upon the issues in the case. The parties were granted leave to file supplemental briefs concerning the applicability of *Sanders* to the instant case. The parties have diligently briefed the issue—and particularly the retroactive aspect of *Sanders* —but because of the nature of the error claimed by the defendants, *Sanders* is not controlling in the instant case. As the parties concede in their briefs filed here, *Sanders* would be given retroactive effect, a conclusion supported by *Weniger v. Famous-Barr Company*, 686 S.W.2d 553 (Mo.App.E.D.1985), and *Carlton B. Shaffer v. Sears, Roebuck and Company, et al.*, 689 S.W.2d 683 (Mo.App. E.D. 1985), as well as the recent opinion of this court, *Simpson v. Revco Drug Centers of Missouri, Inc.*, No. WD34983 (Mo. App. W.D. March 12, 1985). The parties are advised by the briefing with respect to the applicability of *Sanders* upon the retrial of this case. The issue of whether the plaintiff made a submissible case under the ruling of *Sanders* is not before us on this appeal. Thus, a review of plaintiff's evidence to determine submissibility under *Sanders* is not required. The cause is reversed and remanded for a new trial.

All concur.