GLUECK REALTY COMPANY, a
Corporation, Appellant,

v.

The CITY OF ST. LOUIS, Missouri, a Municipal Corporation, Raymond R. Tucker, as Mayor of the City of St. Louis, James V. Frank, as City Counselor of the City of St. Louis, and John J. Dwyer, as Treasurer of the City of St. Louis, Respondents.

No. 46663.

Supreme Court of Missouri,

Division No. 1.

Nov. 10, 1958.

Rehearing Denied Dec. 8, 1958.

Morris J. Levin, St. Louis, for appellant.

Charles J. Dolan, Acting City Counselor, John J. Shanahan, Associate City Counselor, St. Louis, for respondents.

WESTHUES, Judge.

The defendants, respondents on this appeal, have accepted the statement of facts contained in appellant's brief. Even though it is quite lengthy, we are adopting it as the statement of the court. It reads as follows:

"This is an appeal from the order of the St. Louis Circuit Court sustaining the defendants' Motion to Dismiss made and entered in a suit filed October 2, 1956, for an injunction to restrain and enjoin the City of St. Louis and its officers from carrying out or attempting to carry out the terms and provisions of Ordinances No. 48,005 and No. 48,014 of the City of St. Louis, and from appropriating or expending any funds or money of the City of St. Louis for the purpose of purchasing any of the land or property described and referred to in said named ordinances for the purposes of using said lands for parking facilities or garage purposes, from issuing any revenue bonds or other bonds or securities, the proceeds of which would be used for any of said purposes, and from advertising the sale of or requesting bond buyers to submit bids for said bonds, and to refrain from doing anything or taking any action under or pursuant to any right or authority conferred under the said Ordinances No. 48,005 and No. 48,014. Plaintiff also sought a declaratory judgment, and in its petition therefor requested and adopt-

ed all the allegations of alleged invalidity of the ordinances as pleaded in its petition for injunction and equitable relief; alleged, in addition, that the plaintiff and all others similarly situated were adversely affected by the acts, conduct and things threatened to be done and performed by the defendants pursuant to and under the authority of Ordinances No. 48,005 and No. 48,014; that a serious doubt exists concerning the validity, legality and constitutionality of said ordinances; that plaintiff and others are uncertain of and cannot know their status, rights and legal relationships under said ordinances nor the effect upon them of the acts and things done and performed by the defendants under the authority of the ordinances, and plaintiff prayed for a declaratory judgment declaring the rights, status and legal relationships of plaintiff and all others similarly situated and declaring that Ordinances No. 48,005 and No. 48,014 are invalid, unconstitutional and unenforceable and in violation of the Fourteenth Amendment to the Constitution of the United States, in conflict with and in violation of Sections 10 and 28 of Article I and Section 3 of Article X of the Constitution of Missouri [V.A.M.S.] and of the Charter of the City of St. Louis.

"On July 23, 1956, the Board of Aldermen of the City of St. Louis adopted Ordinance No. 48,005 and on July 26, 1956, Ordinance No. 48,014 was approved. The first of said ordinances recited that it was being enacted under the authority granted in Section 82.475 [82.470], Revised Statutes of Missouri 1949 [V.A.M.S.], which provides that any constitutional city of more than 700,000 population may acquire property by gift, purchase, exchange or by exercise of the right of eminent domain, and construct, install or equip facilities thereon for parking motor vehicles. The ordinance purported to establish in City Block 169 in the City of St. Louis a public area for a building and facilities for parking motor vehicles consisting of all of the rectangular block of real estate in said City Block 169, which was bounded on the north by Delmar Boulevard, on the south by Lucas Avenue, on the west by Ninth Street and on the east by Eighth Street, excepting from said condemnation only a rectangular section in said City Block 169 at the northwest corner of the intersections of Eighth Street and Lucas Avenue, fronting 105 feet on Eighth Street and 66′ 1″ on the north line of Lucas Avenue. The City Counselor was authorized and directed to acquire said area by exercise of the power of eminent domain in the manner provided by law for the condemnation of land for street purposes.

"Ordinance No. 48,014, adopted on July 26, 1956, makes the same recitals as Ordinance No. 48,005 about the necessity to construct and maintain off-street parking facilities under the authority of Section 82.470, Revised Statutes of Missouri, 1949 [V.A.M.S.], and states that preliminary estimates and studies show the cost of planning, designing, acquiring, constructing and equipping the property in City Block 169 and another parcel of land situated in City Block 115 as being $4,500,000, and recites the opinion of the Board of Aldermen that the funds required for these purposes should be provided through the issuance of negotiable interest bearing revenue bonds as authorized by Section 82.480, Revised Statutes of Missouri, 1949 [V.A.M.S.]. Then follow in said Ordinance No. 48,014 descriptions of the real estate and improvements to be acquired under condemnation in City Blocks 169 and 115, and detailed descriptions of two series of Parking Facilities Revenue Bonds to be issued to finance such acquisition and construction. These bonds are denominated as 'Series A,' which shall bear date of June 1, 1956, be in the aggregate principal amount of $3,500,000, bear interest at a rate or rates to be determined pursuant to sale of the bonds, but not to exceed 4% per annum, and 'Series B' bonds, which shall bear date of June 1, 1956, be in the aggregate principal amount of $1,000,000, and bear interest at a rate or rates to be determined pursuant to sale of the bonds, but not to exceed 4% per annum.

Then follow detailed descriptions of the bonds, the maturity, sinking fund requirements, and disposition of the proceeds of the sale of the said bonds.

"Plaintiff's petition, which was filed on October 2, 1956, alleges that plaintiff is a Missouri corporation, with its principal place of business in the City of St. Louis; that it is a taxpayer and brings the suit in equity as a taxpayer for itself and on behalf of other taxpayers and persons similarly situated; that the City of St. Louis adopted Ordinances Nos. 48,005 and 48,014 described above; that the real estate described in Ordinance No. 48,005 and to be acquired by exercise of eminent domain thereunder includes six parcels in City Block 169 owned by plaintiff; that plaintiff owns the fee and has for many years been engaged in the business of operating parking lots for public hire on all those parcels; that plaintiff owns other similar facilities that would directly compete with defendants' parking structures if they were carried through to completion; that the proposed taking of plaintiff's property and other parcels in City Block 169 by exercise of eminent domain was intended to have the purpose of serving special and private interests and private uses and purposes; that selection of the parcels in City Block 169 to be taken by exercise of the power of eminent domain was made by the City of St. Louis in reliance upon recommendations made by the Off-Street Parking Commission, whose members were appointed by the Mayor, of the City of St. Louis and whose expenses and costs of operation were paid under an appropriation of public funds made by the Board of Aldermen of the City of St. Louis; that in making recommendations of the sites to be taken by condemnation under Ordinances Nos. 48,005 and 48,014, members of the Off-Street Parking Commission were serving private interests rather than the public interest and selected the sites to be condemned in City Block 169 in support of and in furtherance of their purpose to serve their private interests and

businesses and to make the parking facilities to be provided by the City of St. Louis under Ordinances Nos. 48,005 and 48,014 available primarily for private rather than for public use. Plaintiffs allege that there was a conflict of interest in members of the Off-Street Parking Commission, and that the recommendations made for the sites to be taken in City Block 169 were not for the public welfare but to benefit, reward and give advantage to their own private interests by creating an allegedly public facility designed and intended to serve their special private interests. Plaintiff also alleged that some of the private interests to be benefited were customers of plaintiff and that one of the principal purposes of the site selection by the Off-Street Parking Commission was to permit those customers who were then dealing with plaintiff to stop doing business with plaintiff and make more advantageous arrangements for themselves with the city-built parking garage. Plaintiff also alleged that consultants and experts hired by the City of St. Louis and the Off-Street Parking Commission and paid with public funds to make studies and recommendations, were not disinterested parties, did not exercise objective judgment nor make disinterested observations, but were guided and directed by members of the Off-Street Parking Commission, who had a conflict of interest, and for reasons unrelated to the public welfare made the recommendations embodied in Ordinances Nos. 48,005 and 48,014 intended to serve private interests primarily; that said experts had from time to time been in the employ of the private interests that were to be benefited by the recommendations made by the experts, and said experts had been paid consultants of some of the private persons to be directly benefited in their private business by the proposed condemnations and building of garages; that said experts hired and paid by the City of St. Louis were primarily serving the private purposes and interests of its business clients when making its recommendations that were embodied in the ordinances under attack.

"Plaintiff then alleged that there was no public need for the garages to be built but only a demand therefor by the private businesses and certain private users who were to be directly benefited, and that the 'Series B' bonds were designed to be purchased by these private interests who were to be directly benefited, so they could dictate the location, size, shape and capacity of the proposed garages and their location and design so as to serve their private interests; that the City officials knew that since the garages were not designed for the general public welfare but for private interests for their private purposes, the revenues therefrom would not support the bond requirements, and the private interests to be benefited arranged with the City for partial subsidization of the structures in return for the use of the public credit and public authority in placing the garages where desired and requested by the private interests.

"Plaintiffs alleged that the purposes of the ordinances were not public but private purposes, intended and designed to serve the private interests of specific department stores and banks in violation of Section 28 of Article I of the Missouri Constitution; that the ordinances permit taxation for a private purpose and thereby violate Section 3 of Article X of the Constitution of Missouri; that enforcement of the ordinances by the City of St. Louis would deprive plaintiff of its property, in violation of the Fourteenth Amendment of the Constitution of the United States and Section 10 of Article I of the Constitution of Missouri; that there is no valid provision of the Charter of the City of St. Louis authorizing the City to condemn land or take property for the purpose of building parking lots or parking garages; that there is no valid statute of the State nor of the Charter of the City of St. Louis authorizing the taking by condemnation of land and property for use as parking lots and garages when the land and property is already devoted to and is being used for these same purposes by the owner of the land.

"Plaintiff further alleged that the proposed method of financing said garage improvements violated the provisions of Section 170 of Chapter 108, Revised Statutes of Missouri, 1949 [V.A.M.S.] and that the whole scheme and plan of financing set out in Ordinance No. 48,014 was designed and intended to give private profit to the private individuals who are to be benefited and advantaged by the building of the proposed garages, and that the mode of financing was but a part of the scheme designed to take plaintiff's property. for private rather than public purposes.

"Plaintiffs further alleged that the financing plan proposed in Ordinance No. 48,014 was but a sham and subterfuge to take plaintiff's property for the benefit of private individuals and that the form of financing was intended to conceal the substance of the transactions being effectuated, that the form thereof was a pretense of borrowing on the Series B bonds in order to avoid levying a special benefit assessment against those who were to be specifically benefited by the facilities, and that the planned financing scheme was also calculated to provide a means to impair and evade United States and Missouri income taxes by the device of having the prospective purchasers of the Series B bonds lease the facilities from the City of St. Louis and operate them at a loss; that the financing was part of the conspiracy between the defendants and private interests to take plaintiff's property for their private use and profit under the pretense and guise of taking the same for a public purpose.

"For all the reasons pleaded and alleged, plaintiff sought a temporary injunction and a permanent injunction after final hearing, and a declaratory judgment of the validity, constitutionality and enforceability of the ordinances, as described above.

"An order to show cause why a temporary injunction should not be granted as

prayed was issued on October 2, 1956, returnable on October 25, 1956, and by consent the hearing thereon was continued from time to time.

"On March 21, 1957, defendants filed their Motion to Dismiss and Motion to Strike. The defendants' Motion to Dismiss stated that plaintiff's petition showed on its face that injunction and declaratory judgment are not proper remedies and do not lie; that plaintiff has an adequate remedy at law in the condemnation proceedings authorized by Ordinance No. 48,005; that the petition does not allege facts sufficient to show irreparable injury to property of plaintiff and the allegations of the petition in this regard are mere conclusions of law and fact; that plaintiff does not have a legally sufficient interest to permit it to bring the suit as a taxpayer, because the bonds authorized to be issued under Ordinance No. 48,014 are payable solely from revenues derived by the City of St. Louis from the operation of parking facilities and are not general obligation bonds of the City of St. Louis payable from general revenues contributed to by plaintiff as a taxpayer; that establishment of off-street parking facilities, their location, and the motives of the municipal assembly in enacting Ordinances No. 48,005 and No. 48,014 are legislative acts or functions and a matter of discretion and judgment not subject to judicial control by injunction or declaratory judgment, and for this reason the court was without jurisdiction to grant any of the relief prayed for. The Motion to Dismiss also pleaded that no justiciable controversy exists between plaintiff and the defendants and that the petition failed to state a claim upon which relief can be granted.

"The defendants' Motion to Strike moved to strike all of paragraphs numbered 12, 16, 17, 18 and 19, for the reasons that separately or considered together those paragraphs do not state or constitute a claim upon which relief can be granted, are immaterial and outside the scope of any issue that may be determined in the proceeding, are mere conclusions of law or fact, based upon speculation and hypothesis, and do not present an actual justiciable controversy between plaintiff and defendants.

"The defendants' Motion to Strike and Motion to Dismiss were argued on April 12, 1957, taken under submission, and on September 23, 1957, the Court issued its order sustaining the defendants' Motion to Dismiss, with prejudice. The Court did not file an opinion along with its order sustaining the motion. No ruling was made on the Motion to Strike.

"Thereupon, in due time, the plaintiff's Motion for New Trial was filed, which was argued and submitted on October 18, 1957, and which the Court overruled on November 4, 1957, over the objections of plaintiff. In due time notice of appeal was filed, and thereupon a transcript of the record was prepared and filed as provided by law and the rules of this Court."

From a careful reading of the above statement, we learn that plaintiff's claim to the effect that the City is attempting to take plaintiff's property by condemnation not for a public but for a private use is based on the theory that the defendants are conspiring to use the property for private uses. In other words, it is claimed that defendants are using the power of eminent domain as a sham and a scheme to obtain plaintiff's property for the use and benefit of private interests.

Plaintiff does not question the authority of the City to condemn land for off-street parking, nor is the City's power to issue revenue bonds to acquire land for that purpose questioned. Those questions have been before this court en banc and it has been ruled that a defendant city possesses such authority. Bowman v. Kansas City, Mo., 233 S.W.2d 26. See also City of St. Louis v. Sommers, 364 Mo. 700, 266 S.W.2d 753.

The defendants do not take the position that plaintiff's petition does not state a cause of action. Defendants claim that

plaintiff has an adequate remedy in the condemnation proceedings and therefore the trial court was correct in dismissing plaintiff's petition seeking an injunction or a declaratory judgment. We are of the opinion that defendants are correct.

Plaintiff cited the case of City of Kirkwood v. Venable, 351 Mo. 460, 173 S.W.2d 8, as authority that a taxpayer is a proper party to challenge the validity of an ordinance which proposes the taking of property for an alleged public use. That case so holds, but it will be noted that the issue was presented in a condemnation suit and not in a separate action. In that case, as in the case at bar, the property owner contended the city authorities were guilty of bad faith and fraud and were taking the property for the benefit of private interests. In that case, as in this one, the invalidity of the proceedings, if they were so, depended on the proof of fraud and not upon the validity of the law authorizing the condemnation. Note what this court said in the Kirkwood case, 173 S.W.2d loc. cit. 12(6): "While appellant concedes that respondent has the right to condemn for a public purpose and in good faith to acquire lands for a public park, she contends that the proceeding here is 'a mere sham and subterfuge for the purpose of concealing the ulterior motive behind the whole matter.' " A similar issue was determined in a condemnation case in Kansas City, Missouri v. Aronson, Mo., 282 S.W.2d 464. Those two cases, the Kirkwood and the Kansas City cases, are authority supporting defendants' contention in this case that all of the issues presented by plaintiff's petition may be litigated in the condemnation suit if and when it is filed. In the briefs, it is stated that a condemnation suit is now pending. If not, the case is moot because the City must, under the law, institute such a suit within six months after the ordinance authorizing the condemnation is passed. Sec. 1(a) of Article XXI of the Charter of the City of St. Louis.

Where a plaintiff has an adequate remedy by law, he may not resort to a separate suit in a court of equity or the Declaratory Judgment Act, Section 527.010 et seq. RSMo 1949, V.A.M.S., for redress. State ex rel. Kansas City Bridge Co. v. Terte, 345 Mo. 95, 131 S.W.2d 587, 124 A.L.R. 1331; Joplin Consolidated Mining Co. v. City of Joplin, 124 Mo. 129, 27 S.W. 406; Cavanaugh v. Looney, 248 U.S. 453, 39 S.Ct. 142, 63 L.Ed. 354; Baxter v. Land Construction Company, 357 Mo. 58, 206 S.W.2d 325, loc. cit. 329 (7); 43 C.J.S. Injunctions § 25, p. 450.

Plaintiff having a complete and adequate remedy in the condemnation proceedings may not maintain the present action. The trial court was correct in so ruling.

The judgment is affirmed.

All concur.