**STATE ex rel. Grant M. CLOTHIER, et al., Relators,**

v.

**Honorable John YEAMAN, Judge, Respondent.**

**No. 55755.**

Supreme Court of Missouri, En Banc.

Feb. 8, 1971.

Rehearing Denied April 12, 1971.

Max Von Erdmannsdorff, Von Erdmannsdorff & Kuhlman, North Kansas City, for relators.

Gary C. Clifton, Kansas City, for respondent.

DONNELLY, Judge.

This is an original action in prohibition.

On February 23, 1970, the City Council of the City of Liberty, Missouri, purported

to adopt an ordinance which instructed the city attorney to file suit in the Circuit Court of Clay County to condemn land allegedly owned by Relators for the purpose of constructing "an additional water tower to meet the growing demands for water in the City of Liberty."

A petition in condemnation was filed. Relators, in addition to other pleadings not important here, filed a motion to dismiss, a request for jury trial, and an application for change of venue.

On May 1, 1970, a hearing was held and Respondent took all such issues under advisement. On May 22, 1970, Relators filed their petition in prohibition in this Court and our provisional rule issued June 8, 1970. We determine whether our provisional rule should be made absolute.

Relators' petition in prohibition states their position as follows:

"The Respondent now offers and threatens, unless otherwise prohibited from doing so, to exceed his jurisdiction in the following respects:

'(a) By denying the Relators a jury trial on fact issues essential to the jurisdiction of the court, including the failure or absence of negotiation prior to suit; the actual passage of the ordinance by the City Council when in fact the City's own evidence shows that there was only one reading of the ordinance when two such readings were required for passage; and the necessity and propriety of the placement of the water tower at the location allegedly described in the plaintiff's petition in condemnation.

'(b) In appointing commissioners to evaluate, appraise, and report concerning the value of land mentioned in the petition without first having heard the slightest evidence that relators are the owners of all land described.

'(c) In refusing relators request for a change of venue made in conjunction with their request for a jury trial.

'(d) In granting condemnation to the City of Liberty without first having examined or received any evidence or document extending the authority to condemn.

'(e) In overruling relators motion to dismiss the petition in condemnation when evidence on both sides show that there was no offer to purchase made by the City of Liberty prior to the filing of the petition in condemnation.

'(f) In entering a judgment in condemnation without first having heard any competent evidence that preliminary steps, alleged by the City to have been taken, were in fact completed thereby giving rise to any jurisdiction in the Circuit Court.

'(g) Each such finding, judgment and order is and would be in excess of the jurisdiction of the respondent for the reasons stated.' "

Article 1, § 26, Const. of Mo.1945, V.A.M.S., provides that "private property shall not be taken or damaged for public use without just compensation."

Article 1, § 28, Const. of Mo.1945, V.A.M.S., provides that "when an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be judicially determined without regard to any legislative declaration that the use is public."

In City of Kansas City v. Kindle, Mo. Sup., 446 S.W.2d 807, 813, this Court said: "In reviewing conventional condemnation proceedings the judiciary considers the question whether the proceedings are for a public use and purpose but will not inquire into the necessity, expediency or propriety of the exercise of the power of eminent domain. The latter are questions for the legislative body to determine and are not the subject of judicial inquiry, absent fraud or bad faith. In re Armory Site in Kansas City, Mo.Sup., 282 S.W.2d 464; Bowman v. Kansas City, 361 Mo. 14,

233 S.W.2d 26; City of Kirkwood v. Venable, 351 Mo. 460, 173 S.W.2d 8. If the proceeding is for a public use it will be sustained; if it is for a private use the proceeding must fall because with certain exceptions not here applicable private property may not be taken for private use, with or without just compensation. Article I, § 28, Constitution of Missouri 1945; * * *."

In Bowman v. Kansas City, 361 Mo. 14, 21, 233 S.W.2d 26, 30, this Court said: "The question of public use or purpose is a judicial question and is not one of fact for a jury. City of Savannah v. Hancock, 91 Mo. 54, 57, 3 S.W. 215; Art. I, Sec. 28, Const. of Missouri, 1945."

The law is well-settled in Missouri that "an order adjudging that the petitioner has the right to condemn is interlocutory only and not subject to appeal, and so the points of law involved in the adjudication cannot be heard by an appellate court until there has been a final judgment of condemnation." 6 Nichols on Eminent Domain, § 26.32, p. 283 (citing St. Joseph, etc. R. Co. v. Hannibal, etc., R. Co., 94 Mo. 535, 6 S. W. 691; State ex rel. Cape Girardeau v. Engelmann, 106 Mo. 628, 17 S.W. 759).

Relators do not appeal from an order adjudging the right of the City of Liberty to condemn. Rather, they seek appellate review of the question by utilization of the writ of prohibition. In 6 Nichols on Eminent Domain, § 28.34, p. 690, the case of State ex rel. Graham v. Seehorn, 246 Mo. 541, 151 S.W. 716, is accurately cited for the proposition that "an owner of land sought to be condemned who is contesting the validity of the proceedings cannot invoke any extraordinary or summary remedies as a substitute for the orderly process of appeal, even if the entry of his appeal must be deferred until after the trial upon the measure of compensation; if immediate entry is allowed, the proceedings are not stayed to await the decision on appeal. The appeal provided by law is the only means of taking to a higher tribunal such defenses as may properly be set up in the condemnation proceedings themselves, and whatever the hardship on the owner, the courts will not issue a writ of prohibition against the entertainment of condemnation proceedings on grounds issuable in the proceedings themselves which might be brought up on appeal."

In State ex rel. Fabrico v. Johnson, 293 Mo. 302, 309, 239 S.W. 844, 847, this Court said:

"Prohibition is not a writ of right. The issuance of the writ is dependent upon the facts of the particular case, measured by the discretion of the court to which the application is made. Interfering, as the writ seeks to do, with the action of a subordinate tribunal, moving, as such a tribunal is presumed to move, within its prescribed orbit, the writ if never properly granted except where usurpation of jurisdiction or an act in excess of same is clearly evident."

This Court will intercede by prohibition in any case where it is "clearly evident" that an attempt is being made to take private property by condemnation for a use which is not public. However, in this case, the condemnor is attempting to condemn land for the purpose of constructing "an additional water tower to meet the growing demands for water in the City of Liberty." On this record, prohibition will not lie.

The provisional rule should be discharged and the writ of prohibition denied. It is so ordered.

All concur.