Ralph LIA, Maurine Lia and Margaret
Wald, Appellants,

v.

BROADWAY/OLIVE REDEVELOP-
MENT CORPORATION, et al.,
Respondents.

No. 45901.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 8, 1983.

Edward C. Cody, St. Louis, for appellants.

Robert G. Brady, St. Louis, for respondents.

CRIST, Judge.

Appeal from the sustentation of a motion to dismiss appellants' (property owners) petition for a declaratory judgment and injunction. We affirm.

Property owners are the owners of a building designated as a city landmark in the St. Louis Downtown business district in an area declared blighted by the City of St. Louis. On April 2, 1981, the respondent-City of St. Louis (City) adopted an ordinance giving the power of condemnation to respondent-Broadway/Olive Redevelopment Corporation (Developer). In addition to bringing developer and City into their declaratory judgment and injunction action, property owners joined four other corporations that were allegedly affiliated with developer. They do not substantiate this allegation.

In Count I of their petition property owners allege the Redevelopment and Condemnation Ordinance was arbitrary, unreasonable and invalid for the following reasons:

(1) Developer's plan did not contain a detailed statement of financing;

(2) The plan was not filed within 120 days following the passage of the blighting ordinance for that area;

(3) The reaffirmation of blight contained in the ordinance is void;

(4) The ordinance was part of a scheme to allow the unconstitutional taking of private property for private use;

(5) The statement of financing in the plan is "a sham and a fiction;" and

(6) Seven separate entities were utilized by the developer to avoid the profit limitations of Chapter 353, RSMo. 1978.

In Count II, property owners allege developer failed to comply with the conditions subsequent embodied in the Redevelopment and Condemnation Ordinance by:

(1) Failing to document the architectural and related historical characteristics of their property, the Towne Theater;

(2) Not engaging in good faith negotiations to acquire the plaintiffs' property; and

(3) Not complying with the City's relocation policies.

Property owners seek the same relief under both counts, namely, a declaration that the ordinance is void and an injunction to prevent the respondents from acquiring their property.

■ Property owners' petition was filed on February 19, 1982. On March 22, 1982, developer instituted condemnation proceedings in which property owners were named as defendants. On May 11, and May 25, 1982, the trial court sustained the developer's and City's motions to dismiss, stating property owners had an adequate remedy at law in that all of the allegations in their petition could be raised as defenses in any future condemnation action instituted to acquire their property.

Despite the trial judge's assertion that each allegation could be raised as a defense

to a condemnation action, appellants assert the declaratory judgment issues may not be raised in the condemnation suit and, therefore, they have no adequate remedy at law. We disagree. Property owners' seminal issue, the validity of the enabling ordinance, is the initial inquiry in any condemnation action instituted pursuant to ordinance. *State ex rel. DeVanssay v. McGuire,* 622 S.W.2d 323, 325 (Mo.App.1981). Additionally, appellants would have a remedy by way of appeal in a condemnation action. *State ex rel. Clothier v. Yeaman,* 465 S.W.2d 632, 634 (Mo. banc 1971).

Property owners also assert their remedy of law is inadequate in that City is a necessary party in an action contesting the validity of one of its ordinances. The City is not a necessary party in an action challenging the validity of a redevelopment ordinance which delegates the power of eminent domain to a developer. *Maryland Plaza Redevelopment Corp. v. Greenberg,* 594 S.W.2d 284 (Mo.App.1979).

Property owners' final assertion of the inadequacy of their remedy at law is that a Rule 86 condemnation action does not allow for Rule 57 discovery. They cite *State ex rel. Washington University v. Gaertner,* 626 S.W.2d 373 (Mo. banc 1982) for this proposition. While discovery is to be governed by the condemnation action, *Gaertner* does not help property owners on this point. Lack, or diminution of discovery, does not necessarily make a legal remedy inadequate.

Under the facts alleged, we believe *Glueck Realty Company v. City of St. Louis,* 318 S.W.2d 206 (Mo.1958) is controlling. Appellants have an adequate remedy at law and, therefore, may not resort to equity. See, *State ex rel. Schwab v. Riley,* 417 S.W.2d 1, 5 (Mo. banc 1967).

The orders of dismissal dated May 11, 1982 and May 25, 1982 are affirmed.

CRANDALL, P.J., and REINHARD, J., concurs.