**CITY OF ST. LOUIS and The Firemen's Retirement System of St. Louis, Plaintiffs–Appellants,**

v.

**Gary MILENTZ and George Horne, Defendants–Respondents.**

No. 65375.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 18, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 30, 1994.

Application to Transfer Denied Dec. 20, 1994.

**710**

James L. Matchefts, Asst. City Counselor, St. Louis, for appellants.

John D. Lynn, Michael J. Hoare & Associates, P.C., St. Louis, for respondents.

KAROHL, Judge.

The City of St. Louis (City) and the Firemen's Retirement System of St. Louis (Retirement System) appeal dismissal of their petition seeking a declaratory judgment finding § 87.170(2) RSMo 1986 and § 4.18.125(B) of the Revised Code of the City of St. Louis valid and enforceable. The City and Retirement System allege the statute and city ordinance authorize the mandatory retirement of George Horne (Horne), the Chief Deputy Fire Marshall for the City of St. Louis. The trial court dismissed the petition because it found other adequate remedies existed and the issuance of declaratory relief would constitute an advisory opinion. We reverse.

Horne has continuously been employed by the City of St. Louis Fire Department since July 19, 1959. On March 31, 1992, the Retirement System acting through its board of trustees voted to compel Horne to retire effective April 4, 1992, which was also Horne's 60th birthday. The Retirement System based its decision on authority granted in § 87.170(2) RSMo 1986 and § 4.18.125(B) of the Revised Code of the City of St. Louis. The City recognized the Retirement System's action as lawful and wanted to stop paying Horne's salary. Horne refused to retire and continues to work as a fire marshall for the City of St. Louis Fire Department.

On May 8, 1992, Horne filed a claim with the Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR) alleging unlawful age discrimination. On May 11, 1992, the City filed this action seeking a declaratory judgment that it was "lawful" to compel Horne to retire and to remove him from its payroll pursuant to the statute and city ordinance. The Retirement System later joined this action as a party plaintiff.

The same day the City and Retirement System filed for a declaratory judgment, Horne filed an action in federal court alleging his forced retirement violated the Age Discrimination in Employment Act (ADEA), the Equal Protection Clause of the Fourteenth Amendment, and the Missouri Human Rights Act. The federal court, however, suspended further proceedings pending the outcome of the declaratory judgment in state court. The court did not decide a claim of federal preemption.

On March 30, 1993, the EEOC filed a brief as Amicus Curiae arguing the City's and Retirement System's suit would "interfere with and undermine the administrative mechanism crafted by Congress for enforcement of the ADEA." Thereafter, Horne filed a motion to dismiss the declaratory judgment action, which the trial court granted on May 13, 1993. The trial court offered three reasons for granting the motion to dismiss: 1) an adequate remedy at law existed; 2) the proceeding would disrupt the mechanisms for enforcing Horne's ADEA claim; and, 3) the

issuance of a declaratory judgment would constitute an advisory opinion because there was no existing real dispute to decide.

Section 527.010 RSMo 1986 authorizes declaratory judgments to establish the rights, status, and duties of parties so as to avoid loss and encourage settlement of disputes before litigation. *Nicolai v. City of St. Louis,* 762 S.W.2d 423, 425 (Mo.banc 1988). We review a petition for declaratory judgment by construing the petition favorably toward the plaintiff, accepting all facts alleged as true, and giving the petition the benefit of every reasonable inference. *J.H. Fichman Co. v. City of Kansas City,* 800 S.W.2d 24, 27 (Mo.App.1990).

The City and Retirement System contend the trial court erred in dismissing their petition for declaratory judgment because justiciable issues affecting the legal interests of the parties existed. They also assert § 4.18.125(B) of the Revised Code of the City of St. Louis and § 87.170(2) RSMo 1986 are valid, enforceable and authorize the decision to retire Horne involuntarily.

In order to maintain a declaratory judgment, the plaintiff must satisfy three requirements. First, plaintiff must show a justiciable controversy in which the petition presents a real, substantial, presently existing controversy giving rise to specific relief as distinguished from an advisory decree upon a hypothetical situation. *City of Jackson v. Heritage Savings & Loan Ass'n,* 639 S.W.2d 142, 144 (Mo.App.1982). Second, plaintiff must have a legally protected interest consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief. *Cooper v. State,* 818 S.W.2d 653, 655 (Mo. App.1991). Third, the question presented must be ripe for judicial determination. *Id.* at 654. A declaratory judgment should not be invoked if an adequate remedy exists. *Id.* Declaratory judgments provide for testing the validity of a statute or ordinance. *Tietjens v. City of St. Louis,* 359 Mo. 439, 222 S.W.2d 70, 72 (1949).

The City and Retirement System seek to test the validity of § 87.170(2) RSMo 1986 and § 4.18.125(B) of the Revised Code of the City of St. Louis in "forcing" Horne to retire. Section 87.170(2) RSMo 1986 states:

*Any member in service upon attaining the age of sixty,* if qualifying for a service retirement allowance equal to seventy percent of the average final compensation, *may be retired forthwith;* except that with respect to any member, the board shall not retire such member when he attains sixty years of age or more merely because the member has attained that age unless the member so requests or the member has qualified for a service retirement allowance equal to seventy percent of his average final compensation. (Our emphasis).

The counterpart provision in the ordinance is substantially identical.

No one disputes Horne qualifies for retirement coverage under the statute and city ordinance. The City and Retirement System allege in their petition the statute and city ordinance give them the authority to compel Horne to retire and remove him from the City's payroll. The City and Retirement System seek to test the validity of the statute and city ordinance and to declare city officials' immunity in the future in enforcing the statute and city ordinance. Horne, however, disputes the validity of the statute and city ordinance in granting the City and Retirement System such authority. We hold the City's and Retirement System's claim for a judicial declaration of rights and liabilities under the statute and city ordinance involves a real, substantial, presently existing controversy. The dispute is real and gives rise to specific relief after rights and liabilities are determined. Plaintiffs have a pecuniary interest in the outcome. The issue is ripe.

Moreover, the City and Retirement System have no adequate alternative remedy. Horne argues the City and Retirement System may assert a defense in federal court as to the validity and enforcement of § 4.18.125(B) of the Revised Code of the City of St. Louis and § 87.170(2) RSMo 1986 with respect to Horne's claims. However, the federal court has deferred to the state proceeding. The City and Retirement System will continue to incur pecuniary liability as Horne remains employed and continues to be

paid by the City pending a determination of the validity of the statute and city ordinance. Further, the fact that the City and Retirement System wish to enforce the statute and ordinance but have not actually "forced" Horne to retire or terminated his salary does not make this action premature. *See Tietjens,* 222 S.W.2d at 70. Accordingly, we hold the petition alleges a justiciable controversy sufficiently developed so as to be determined by a declaratory judgment.

We reverse and remand.

AHRENS, P.J., and SIMON, J., concur.