**NORTHGATE APARTMENTS, L.P., Appellant,**

v.

**CITY OF NORTH KANSAS CITY, Missouri, Respondent.**

**No. WD 58650.**

Missouri Court of Appeals, Western District.

March 27, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 1, 2001.

Application for Transfer Denied June 26, 2001.

James Robert Schurman, Kansas City, for appellant.

Samuel Preston Williams, Kansas City, for respondent.

Before Presiding Judge SMART, Judge ELLIS and Judge LAURA DENVIR STITH.

LAURA DENVIR STITH, Judge.

Plaintiff–Appellant Northgate Apartments, L.P. ("Northgate") filed a petition in the Circuit Court of Clay County seeking a declaratory judgment as to the validity and enforceability of a pair of ordinances passed by Defendant–Respondent City of North Kansas City, Missouri ("North Kansas City"). The ordinances designated a 50 acre tract containing apartment properties owned by Northgate as a "Redevelopment Area," and authorized North Kansas City to acquire the entire property by purchase or eminent domain. North Kansas City moved to dismiss Northgate's petition on several grounds. The Clay County Circuit Court,

the Honorable David W. Russell, presiding, dismissed Northgate's petition, finding that Northgate had failed to exhaust its available remedies at law, and that Northgate's petition did not present a justiciable controversy.

Northgate appeals. It argues that its petition presents a justiciable controversy because the ordinances passed by North Kansas City have caused and will continue to cause it to suffer irreparable injury, including loss of tenants, loss of monthly income, diminished value of its property and a cloud on title. Northgate also argues that it has no adequate remedy at law, because North Kansas City has yet to file a condemnation action wherein Northgate could attack the validity of the ordinances, and until North Kansas City does so, Northgate continues to suffer the very economic harm that forms the basis of its claim that a justiciable controversy exists; i.e., loss of its tenants and income.

We agree with respect to both of Northgate's contentions on appeal. We therefore reverse the judgment of the lower court dismissing Northgate's petition for declaratory relief, and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff–Appellant Northgate Apartments, L.P. (hereinafter "Northgate") is the owner of Northgate Village Apartments, a large property located in North Kansas City and consisting of more than fifty acres improved with over 600 multi-family apartment units. Defendant Respondent North Kansas City is a third-class Municipal Corporation located in Clay County, Missouri. On February 1, 2000, pursuant to the Real Property Tax Increment Allocation Redevelopment Act, Section 99.800 et seq. RSMo Cum.Supp. 1998 (hereinafter "the TIF law"), the

North Kansas City City Council passed and the Mayor approved Ordinance No. 7178 and Ordinance No. 7179.

Ordinance No. 7178 accepted a recommendation by North Kansas City's Tax Increment Financing Commission to approve the Northgate Village Tax Increment Financing Plan, which designated Northgate's entire apartment property in North Kansas City as a "Redevelopment Area." Ordinance No. 7178 contained a number of findings concerning the apartment property that supported the designation, including that: (a) the apartment property is a conservation area as defined by Section 99.805 RSMo; (b) the apartment property has not been subject to growth and development through investment by private enterprise; (c) the apartment property would not reasonably be anticipated to be developed without the adoption of the redevelopment plan; (c) revitalization of the apartment property is not a financially feasible option and only a complete demolition and reconstruction of the property is financially feasible; and (e) a cost-benefit analysis had been performed which met the requirements of the TIF law. Ordinance No. 7178 also authorized North Kansas City to acquire Northgate's apartment property by purchase or eminent domain in order to achieve the objectives of the redevelopment plan. Ordinance No. 7179 approved a redevelopment agreement between North Kansas City and a private developer to implement the redevelopment plan. Ordinances 7178 and 7179 were passed after public hearings, during which Northgate objected to the passage of the ordinances.

On March 9, 2000, Northgate filed its Petition for Declaratory Judgment and Injunction in the Circuit Court of Clay County, Missouri, challenging the validity of the ordinances pursuant to the Uniform Declaratory Judgment Act, Sec. 527.010 et seq. RSMo 1994. Essentially, the Petition alleged that North Kansas City's findings underlying the designation of its property as a Redevelopment Area were erroneous, arbitrary and capricious, thereby rendering the ordinances invalid under the TIF law. In response to Northgate's petition, North Kansas City filed a motion to dismiss pursuant to Rule 55.27 on the basis that the trial court lacked subject matter jurisdiction, that Northgate failed to state a claim upon which relief can be granted in that the Tax Increment Financing Commission, Hunt Midwest Real Estate, and others were indispensable parties who had not been joined, that there was no justiciable controversy between the parties, and that the matters alleged in Northgate's petition were not ripe for judicial determination.

On May 19, 2000, the trial court granted North Kansas City's motion to dismiss Northgate's petition, finding that Northgate had an adequate remedy at law, and that the petition did not present a justiciable controversy. The trial court expressly declined to address the other grounds alleged by North Kansas City as bases for dismissal.

Northgate's appeal followed.

## II. LEGAL ANALYSIS

 Northgate appeals from the trial court's grant of North Kansas City's motion to dismiss. "When reviewing the trial court's grant of a motion to dismiss, we look to determine if the facts as pleaded and the reasonable inferences drawn therefrom state any ground for relief." *Arnold v. American Family Mut. Ins. Co.,* 987 S.W.2d 537, 539 (Mo.App. W.D.1999). " 'In assessing the sufficiency of a petition, we accept all properly pleaded facts as true, give them a liberal construction, and draw all reasonable inferences which are

fairly deducible from the pleaded facts.'" *Id.*

██ Here, Northgate requests declaratory relief. Section 527.010 RSMo 1994, the Declaratory Judgment Act, authorizes a party to seek a declaratory judgment to establish the rights, status, and duties of parties so as to avoid loss and encourage settlement of disputes before litigation. *City of St. Louis v. Milentz,* 887 S.W.2d 709, 711 (Mo.App. E.D.1994). It specifically provides that declaratory judgments are a proper vehicle for testing the validity of statutes or ordinances:

> Any person ... whose rights, status or other legal relations are affected by a statute, [or] municipal ordinance ... may have determined any question of construction or validity arising under the ... statute, [or] ordinance ... and obtain a declaration of rights, status or other legal relations thereunder.

Sec. 527.020 RSMo 1994. *See also Milentz,* 887 S.W.2d at 711, *citing, Tietjens v. City of St. Louis,* 359 Mo. 439, 222 S.W.2d 70, 72 (banc 1949).

██ Nonetheless, in order to maintain a declaratory judgment action, a petitioner must satisfy four requirements. First, the petitioner must demonstrate a justiciable controversy exists which presents a real, substantial, presently-existing controversy as to which specific relief is sought, as distinguished from an advisory decree offered upon a purely hypothetical situation. *Milentz,* 887 S.W.2d at 711. Second, the petitioner must demonstrate a legally protected interest consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief. *Id.* Third, the question presented by the petition must be ripe for judicial determination. *Id.* A petitioner who satisfies all three of these elements must also demonstrate that he or she does not have an adequate remedy at law. *Id.*

*See also Int'l Minerals & Chem. Corp. v. Avon Prods., Inc.,* 817 S.W.2d 903, 908 (Mo. banc 1991); *Glueck Realty Co. v. City of St. Louis,* 318 S.W.2d 206, 211 (Mo. banc 1958); *Lia v. Broadway/Olive Redevelopment Corp.,* 647 S.W.2d 189, 190–91 (Mo. App. E.D.1983).

As noted previously, the trial court granted North Kansas City's motion to dismiss on alternate grounds, finding (1) that Northgate failed to state a claim upon which relief can be granted because of lack of a justiciable controversy, and (2) that Northgate has an adequate remedy at law, if and when it sustains damages, because it can litigate the validity of the ordinances in a future condemnation proceeding. We address each ground in turn.

██ In order to demonstrate a justiciable controversy for the purposes of obtaining declaratory relief, Northgate is required to allege "some actual and justiciable interests susceptible of protection in the suit." *In the Interest of D.M.H.,* 516 S.W.2d 785, 787 (Mo.App.1974). Here, Northgate alleges that the Ordinances 7178 and 7179, giving the City the power to condemn its property, have caused and will continue to cause it to suffer irreparable injury, including loss of tenants, loss of monthly income, diminished value of its property and a cloud on title. It supports these contentions with factual allegations that North Kansas City has publicly declared its intention to exercise its power of eminent domain over the apartment property, and this has caused tenants to threaten to break their leases with Northgate.

North Kansas City asserts that this alleged controversy is "hypothetical, conjectural, conditional and based upon the possibility of a condemnation proceeding that may never develop." It supports this argument with citations to numerous author-

ities that stand for the proposition that "a municipality cannot be held liable for a landowner's reliance on premature announcements of condemnation which are later abandoned." *State ex rel. State Highway Comm'n v. Armacost Motors, Inc.*, 552 S.W.2d 360 (Mo.App.1977). North Kansas City argues that, as a result, Northgate has suffered no compensable damages at law, and will not do so unless and until condemnation proceedings are instituted against its property, and thus that the dispute between the parties has not "ripened into a case or controversy."

The authorities relied upon by North Kansas City are not on point. Each of the cited cases are *condemnation* cases. Each case holds, quite properly, that the effect on property values of a mere threat of condemnation, prior to the actual condemnation, is not an element of compensable damage *in an actual condemnation case*. See *Armacost Motors*, 552 S.W.2d at 365, *Hamer v. State Highway Comm'n*, 304 S.W.2d 869, 872 (Mo. banc 1957). Damages compensable in a condemnation action arise only once condemnation occurs, and are based only on the value of the land actually taken, not on any diminishment in value while the prospect of condemnation is pending. Here, however, petitioner does not seek damages for any loss in value of its property due to speculation about future condemnation. It merely seeks a declaration of the invalidity of the ordinances passed by the City. It seeks to have such a declaration made *before* any condemnation action is filed, even though it would not be entitled to damages in condemnation for such pre-condemnation losses if condemnation later occurs. This is not an inappropriate use of a declaratory judgment action, for "[a]n injury need not have occurred prior to bringing a declaratory action; one of the main purposes of

the remedy is to resolve conflicts in legal rights before a loss occurs." *Ferguson Police Officers Ass'n v. City of Ferguson,* 670 S.W.2d 921, 925 (Mo.App. E.D.1984).

More on point than the cases cited by North Kansas City is *Schweig v. City of St. Louis,* 569 S.W.2d 215 (Mo.App.1978). *Schweig* held that plaintiffs had a sufficient "legally protectable interest" to bring suit to declare invalid and enjoin enforcement of certain city ordinances that declared an area "blighted" and that approved redevelopment plans for the area, even though plaintiffs in *Schweig* merely owned property adjacent to the "redevelopment area." *Id.* at 223. Plaintiffs' interests were nonetheless sufficient to create a "legally protectable interest," making the case ripe for judicial review, because the declaration and proposed redevelopment affected their property interests. In holding as it did, the court observed that "it seems clear . . . that persons owning property inside a . . . redevelopment area have standing to challenge the ordinances declaring the area blighted and approving redevelopment plans for the area." *Id.*

Here, similarly to *Schweig,* Northgate alleges that its apartment properties are located within the areas designated by Ordinances 7178 and 7179 to be "redevelopment areas." Northgate is thus, in fact, a "person" owning property inside a redevelopment area. It alleges that as a result of the passage of the ordinances, it has suffered and will continue to suffer irreparable harm, in that the ordinances create a cloud on Northgate's title to the apartment properties; that tenants of Northgate apartments have violated their leases and abandoned their apartments, causing Northgate to lose monthly income and suffer diminished property values; and that prospective lessees are reticent to enter into leases with Northgate, causing damages to Northgate's business. Applying the prin-

ciples set out in *Schweig*, Northgate has demonstrated a justiciable controversy for the purposes of seeking declaratory relief.

██ This does not end our inquiry, for the trial court also found that a declaratory judgment action was not proper because Northgate has an available adequate remedy at law. In support, the court relied on cases such as *Glueck Realty Company v. City of St. Louis*, 318 S.W.2d 206 (Mo.1958), and *Lia v. Broadway/Olive Redevelopment Corp.*, 647 S.W.2d 189 (Mo. App. E.D.1983). In *Glueck*, petitioner filed for a declaratory judgment declaring invalid ordinances authorizing the City to acquire realty for off-street parking facilities. *Id.* at 206–07. The City filed a condemnation action, and then moved to dismiss the declaratory judgment action on the basis that all of the issues alleged in the declaratory judgment action could be litigated as part of the condemnation suit. The court agreed that an adequate remedy was available at law, and petitioner could not continue his separate suit under the Declaratory Judgment Act. *Id.* at 211.

A plaintiff property owner's petition for declaratory judgment met the same fate in *Lia*, which declared that because Petitioner could challenge the validity of the enabling ordinance at issue in a then-pending condemnation action instituted pursuant to the ordinance, plaintiff had an adequate remedy at law and its declaratory judgment action, therefore, would not lie. *Id.* at 191.

*Glueck* and *Lia* are distinguishable from the instant case. In both of those cases, condemnation actions were pending in which the plaintiffs could effectively obtain the form of relief sought in the declaratory judgment action: a judgment declaring the ordinances invalid. Here, there is no such condemnation action pending, and it is unclear whether or when one will be filed. Yet, Northgate is affected by the ordi-

nances, it is damaged now in a manner that would not be compensable in a later condemnation action, and the Declaratory Judgment Act gives it the right to seek to have the ordinances authorizing the condemnation declared invalid now, prior to the occurrence of any further damage. For these reasons, we find that Northgate has no adequate remedy at law to redress its present grievances, and that a declaratory judgment action will lie. We therefore reverse the dismissal of its declaratory judgment action and remand for further proceedings consistent with this opinion.

SMART, P.J., and ELLIS, J., concur.