**Troy and Jodie WHEELER, Appellants,**

v.

**Charles T. "Tim" SWEEZER and April M. Sweezer, Respondents.**

**No. WD 60015.**

Missouri Court of Appeals, Western District.

Jan. 22, 2002.

---

Diana C. Farr, Esq., Columbia, for Appellants.

Harold A. Walther, Esq., Columbia, for Respondents.

Before BRECKENRIDGE, P.J., NEWTON and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Troy and Jodie Wheeler (Wheelers) filed suit to enforce certain covenants to restrict the use of land by their neighbors, Charles and April Sweezer (Sweezers). They sought a declaration of their rights and to enjoin the Sweezers from violating the covenants. The trial court dismissed the Wheelers' petition for failure to state a claim upon which relief could be granted. The Wheelers appeal, asserting error in the dismissal because the petition stated sufficient facts to warrant a declaration of the parties' rights. We reverse and remand for trial.

## Facts and Procedural History

In 1994, the Wheelers purchased approximately 70 acres of real estate in Boone County, Missouri. They developed the land into a residential subdivision, known as Wheeler Winds Estates, by parceling it into ten lots and installing roads and utilities. As part of the development process, the Wheelers created restrictive covenants affecting the building usage and appearance on all lots in the subdivision. The covenants were discussed with prospective purchasers during all lot sales negotiations. All purchasers of the lots were given written notice of covenant restrictions, but the covenants were not recorded until January 3, 1997.

In January 1996, the Wheelers sold Lot 10 of Wheeler Winds Estates to John Null, who received written notice of the covenants. Null built a single-family home on the lot, in conformity with the covenants. Later that year, the Sweezers purchased the Lot 10 property and residence from Null with written notice of the restrictive covenants.

In 1999, the Wheelers built a residence for themselves on Lot 1 of Wheeler Winds Estates. Lots 2, 4, 6, and 8 remained unsold and were still owned by the Wheelers at that time.

From 1996 until 2000, the Sweezers complied with the covenant restrictions and paid the annual $150.00 neighborhood assessment required by the covenants. In February 2000, the Sweezers requested that the Wheelers make certain exceptions to the covenants. The Wheelers denied the requests. The Sweezers then claimed they were not bound by the restrictions and proceeded to modify their property in violation of the covenants.[1] These modifications included converting their two-car garage into additional interior living space and installing a shed on the property. The Sweezers also stopped paying the required neighborhood dues.

On January 12, 2001, the Wheelers filed a petition in Boone County Circuit Court seeking a declaration of their rights to enforce the restrictive covenants against the Sweezers and injunctive relief. The petition asserted that Wheeler Winds Estates was developed under a common plan or scheme implemented by the covenant restrictions, and that the Sweezers purchased Lot 10 with actual notice of the covenants. The Wheelers claimed irreparable harm as a result of the Sweezers' breach of the covenants because Wheeler Winds Estates could not be marketed as a common development plan without the full compliance of each property owner with the covenant-specified conditions.

---

1. The Sweezers argued there was no privity of contract between them and the Wheelers because they purchased the lot from Null. The Sweezers further contended that the restrictions were not binding upon them because their purchase occurred before the covenants were recorded.

The Sweezers filed a motion to dismiss for failure to state a claim upon which relief could be granted.[2] The trial court granted the motion, dismissing the Wheelers' petition in a summary order that did not include findings of fact or conclusions of law. The Wheelers appeal.

### Standard of Review

 The Sweezers' motion to dismiss was, essentially, an attack on the Wheelers' petition. *Bosch v. St. Louis Healthcare Network*, 41 S.W.3d 462, 463 (Mo. banc 2001). A motion to dismiss for failure to state a claim is solely a test of the adequacy of the petition. *Id.* at 464. Upon review of a trial court's grant of a motion to dismiss, we must determine if the facts pleaded and the reasonable inferences drawn therefrom state any ground for relief. *Northgate Apartments, L.P. v. City of North Kansas City*, 45 S.W.3d 475, 478 (Mo.App. W.D.2001). In assessing the sufficiency of the petition, we must accept all properly pleaded facts as true, give them a liberal construction, and draw all reasonable inferences which are fairly deducible from the pleaded facts. *Id.* at 478–79.

 We review the allegations set forth in the petition to determine whether principles of substantive law are invoked, which, if proved, would entitle petitioner to declaratory relief. *Sandy v. Schriro*, 39 S.W.3d 853, 855 (Mo.App. W.D.2001). If so, the petition is sufficient and cannot be dismissed for failure to state a claim. *Id.* "In other words, if the petition contains facts, not mere conclusions, supporting its allegations, and those facts demonstrate a justiciable controversy, then we will reverse the court's dismissal and remand the

cause to the court for a determination of the parties' rights." *Id.*

### Legal Analysis

The Wheelers' request for declaratory relief invokes Section 527.010,[3] which authorizes a party to seek declaratory judgment to establish the rights, status, and duties of parties so as to avoid loss and encourage settlement of disputes before litigation. *Northgate*, 45 S.W.3d at 479. To maintain a declaratory judgment action, the Wheelers must satisfy four requirements. First, they must demonstrate a justiciable controversy which presents a real, substantial, presently-existing dispute as to which specific relief is sought, as distinguished from an advisory decree based upon a hypothetical situation. *Id.* Second, the Wheelers must demonstrate they have a legally-protected interest, consisting of a pecuniary or personal stake directly at issue and subject to immediate or prospective relief. *Id.* Third, the question presented by the petition must be ripe for judicial determination. *Id.* And, fourth, the Wheelers must show they have no adequate remedy at law. *Id.*

The trial court's dismissal order provides us with no indication as to which of these elements the Wheelers' petition failed to satisfy. However, in Respondents' brief on appeal, the Sweezers argue the first and second elements for declaratory relief were not met because the Wheelers' petition failed to identify any legal relationship with the Sweezers that could create a justiciable controversy or give rise to a legally protectible interest. The Sweezers contend they have no privity of contract with the Wheelers because they

---

**2.** The Suggestions in Support of the Sweezers' Motion are not part of the Record on Appeal, so the specific grounds for the motion are unknown.

**3.** All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

purchased Lot 10 from Null and, therefore, the Wheelers cannot enforce the covenant restrictions against them. They acknowledge the Wheelers' petition pleads the existence of privity, but they contend such pleading is insufficient because it does not provide a factual basis for the conclusion that a legal relationship exists between the parties.

Developers of residential property can use one of three methods to create binding covenants which restrict the use of the property and benefit all future landowners: 1) by placing such restrictions in the deed to the property; 2) by recording the covenant terms; or 3) by developing and selling the land pursuant to a common plan or scheme of improvement. *Hoag. v. McBride & Son Inv. Co., Inc.,* 967 S.W.2d 157, 168 (Mo.App. E.D. 1998). Such covenants can be enforced by any benefited landowner by filing a suit in equity. *Id.* A developer or original grantor can also enforce a restrictive covenant against a violating landowner who has actual or constructive notice of the restrictions. *Christiansen v. Casey,* 613 S.W.2d 906, 910 (Mo.App. W.D.1981).

To state a claim for declaratory relief, the Wheelers were required to allege facts that, if proved, would entitle them to a "declaration of rights or status" regarding the covenant restrictions. *City of St. Peters v. Concrete Holding Co.,* 896 S.W.2d 501, 503 (Mo.App. E.D.1995). Those facts must indicate the existence of a valid covenant, and the nature of the legal relationship between the parties that would permit the Wheelers to exercise their covenant rights against the Sweezers. Upon a motion to dismiss, the facts are reviewed only to determine whether they state a claim for relief, not whether the Wheelers will ultimately prevail on the relief requested. *Id.* at 504.

In Count I of their petition, the Wheelers sought "declaratory relief and the enforcement of a restrictive covenant." The petition pled the following relevant facts:

1. In 1994, [the Wheelers] purchased approximately 70 acres of real estate in Boone County, Missouri which Plaintiffs developed in 1995 by installing roads and utilities and subdividing the real estate into ten (10) lots known as Wheeler Winds Estates.

2. In 1999, [the Wheelers] built a residence on Tract 1 of Wheeler Estates, upon which tract [the Wheelers] currently reside.

3. Additionally, [the Wheelers] own lots 2, 4, 6 and 8 of Wheeler Winds Estates, which tracts are on the market but which have not yet been sold.

4. Throughout 1994 and 1995, [the Wheelers] developed Wheeler Winds Estates according to a common scheme or plan by way of certain Restrictive Covenants.....

8. In or about January 1996, lot 10 of Wheeler Winds Estates was sold to John Null subject to and with actual notice of the Restrictive Covenants established by [the Wheelers].

10. In or about October of 1996, [the Sweezers] entered into negotiations with John Null ... and [the Wheelers] regarding the purchase of the land and residence on Lot 10 of Wheeler Winds Estates.

11. [The Sweezers] were put on actual notice of the building restrictions and a copy of the entire Restrictive Covenant was furnished to [the Sweezers] at that time ...

12. With such actual notice of the Restrictive Covenants, [the Sweezers] purchased Lot 10 of Wheeler Winds Estates ... from John Null on or about October 23, 1996.

13. The actual notice of the covenants and the development of the subdivision according to the common plan caused the [the Sweezers] to be in privity with the original parties to the Restrictive Covenant and bound [the Sweezers] to the Restrictive Covenants that run with the land.

14. Until approximately February of 2000, [the Sweezers] accepted and complied with the Restrictive Covenants ... including the payment of the one hundred-fifty dollar ($150.00) assessment. ...

16. Thereafter, [the Sweezers] repudiated the Restrictive Covenants and claimed they were not binding upon [the Sweezers].

19. As there now exists an actual and present controversy between the parties as to the validity and application of the Restrictive Covenants, [the Wheelers] seek a declaratory judgment to establish and adjudge that [the Sweezers] as owners of Lot 10 of Wheeler Winds Estates are subject to the Restrictive Covenants attached hereto ...

■ These facts were sufficient to state a claim for declaration of the Wheelers' rights regarding the restrictive covenants. The petition alleged the existence of restrictive covenants imposed to create a common scheme or plan for a residential subdivision. It alleged that the Wheelers were the developers of the subdivision and original grantors of the covenants, thereby establishing their right to enforce the covenants against all lot purchasers who received actual notice of the restrictions. *Christiansen*, 613 S.W.2d at 910. The petition asserted the Sweezers purchased Lot 10 with actual notice of the covenants. These allegations were sufficient to indicate a legal relationship between the parties that could entitle the Wheelers to enforce the restrictions against the Sweezers. *Id.*

■ The petition also pled facts showing a legal relationship between the parties as mutual landowners in the subdivision. The Wheelers alleged they owned Lots 1, 2, 4, 6 and 8 while the Sweezers owned Lot 10. As landowners benefiting from the covenants, the Wheelers were entitled to bring a suit in equity to enforce the covenant restrictions against violators. *Hoag*, 967 S.W.2d at 168. The Sweezers' repudiation of the covenants, as alleged in the petition, created a dispute regarding application of the covenant restrictions. The pleading of these facts was sufficient to show the existence of a justiciable controversy in which the Wheelers had a legally-protected interest.

■ The trial court erred in dismissing the petition for failure to state a claim on which relief can be granted. The court prematurely determined that the Wheelers could not prove their allegations against the Sweezers. Consideration of a motion to dismiss must be based only on the sufficiency of the facts appearing on the face of the petition. *City of St. Peters*, 896 S.W.2d at 503. The question in this declaratory judgment action is not whether the petition shows the Wheelers are entitled to a declaration in their favor, but, rather, whether they are entitled to a declaration at all. *City of Jackson v. Heritage Sav. & Loan*, 639 S.W.2d 142, 144 (Mo. App. E.D.1982). We believe they are. The judgment of the trial court is reversed, and the case is remanded for trial.

All concur.